UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

MICHAEL LEE FORMARO,

      Plaintiff,

v.                                                   Case No. 2:24-cv-1072-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

      Defendant.

_____/

## OPINION AND ORDER[2]

### I.  Status

Michael Lee Formaro ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of psoriasis, depression, anxiety, and a "[l]earning disability." Transcript of Administrative Proceedings (Doc. No.

---

[1]     Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

12; "Tr." or "administrative transcript"), filed February 20, 2025, at 70, 85, 103, 128, 461.

On May 27, 2020, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of January 31, 2019. Tr. at 423-24 (DIB), 425-34 (SSI).[3] The applications were denied initially, Tr. at 70-84, 100, 184-89, 190 (DIB); Tr. at 85-99, 101, 192, 194-99 (SSI), and upon reconsideration, Tr. at 68, 102-26, 152, 220, 223-28 (DIB); Tr. at 69, 127-51, 153, 204, 207-12 (SSI).[4]

On January 27, 2022, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 1527-57.[5] The ALJ issued a decision on February 16, 2022, finding Plaintiff not disabled through the date of the decision. Tr. at 157-71. Plaintiff requested review of the ALJ's decision and submitted a brief authored by his lawyer in support of the request. Tr. at 306-09, 589-93. On December 6, 2022, the Appeals Council granted Plaintiff's request for review and remanded the matter to an ALJ for further proceedings. Tr. at 180-81.

---

[3]    Both applications were actually filed on June 2, 2020, Tr. at 423 (DIB), 425 (SSI), but the protective filing date is listed elsewhere in the administrative transcript as May 27, 2020, Tr. at 70, 103 (DIB), 85, 128 (SSI).

[4]    Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[5]    The hearing was held via telephone with Plaintiff's consent. Tr. at 237-38, 305.

On remand, a different ALJ was assigned. See Tr. at 1496. Plaintiff filed a motion seeking "a closed period of disability, beginning 1/31/2019 through 1/31/2023." Tr. at 441 (emphasis omitted); see Tr. at 442. The ALJ convened a hearing on August 3, 2023, taking testimony from Plaintiff and a VE. Tr. at 1496-1526. The hearing was continued so that Plaintiff could undergo a psychological evaluation. Tr. at 1525-26. The ALJ then convened a supplemental hearing on May 22, 2024, taking testimony from Plaintiff and a VE. Tr. at 53-67. [6] The record was left open for Plaintiff's counsel to submit an interrogatory from Lori Chang, Psy.D., the consultative psychological examiner. Tr. at 65-67; see Tr. at 613. Following the hearing, Plaintiff submitted proposed interrogatories. Tr. at 1492-95. He also amended the motion, seeking "a closed period of disability between January 31, 2019 and January 31, 2022" to reflect consistency with Plaintiff's earnings records. Tr. at 455 (emphasis omitted); see Tr. at 456.

On July 12, 2024, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 10-28. As part of the Decision, the ALJ denied Plaintiff's request to propound the specific interrogatories requested to Dr. Chang, finding there was sufficient evidence to consider the

---

[6]    This hearing was also held via telephone with Plaintiff's consent. Tr. at 55-56.

closed period requested and taking issue with the manner in which some of the proposed questions were drafted. Tr. at 11.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief authored by his lawyer in support of the request. Tr. at 4-5 (Appeals Council exhibit list and order), 49-52 (brief), 415-16 (request for review and cover letter). On October 8, 2024, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On November 21, 2024, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), through counsel, seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues the residual functional capacity ("RFC") assigned by the ALJ "does not sufficiently account for the moderate limitations in concentration, persistence and pace set forth in the psychiatric review technique finding." Plaintiff's Memorandum of Law (Doc. No. 18; "Pl.'s Mem."), filed July 18, 2025, at 8 (emphasis omitted). On August 15, 2025, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 19; "Def.'s Mem.") addressing Plaintiff's argument. Then, on August 29, 2025, Plaintiff's Reply to Defendant's Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Reply") was filed. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned

4

finds that the Commissioner's final decision is due to be affirmed.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 13-28. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since January 31, 2019, the alleged onset date." Tr. at 13. At step two,

---

[7]    "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

the ALJ found that Plaintiff "has the following severe impairments: major depressive disorder; generalized anxiety disorder; borderline intellectual functioning; obesity; and psoriasis." Tr. at 13 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 14 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform a full range of work at all exertional levels but with the following nonexertional limitations: avoid concentrated exposure to extreme cold and heat; understand, remember, and carry out simple, repetitive tasks; can concentrate, attend, and persist on tasks for two hour periods and can adapt to change in the workplace; occasional interaction with coworkers and supervisors; no interaction with the general public.

Tr. at 17 (emphasis and citation omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as a "Material Handler." Tr. at 26-27 (some emphasis and citation omitted). The ALJ proceeded to the fifth and final step of the sequential inquiry. Tr. at 27-28. After considering Plaintiff's age ("24 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 27, such

as "Waxer, Floors," "Cleaner, Wall," and "Marker." Tr. at 27 (citations omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from January 31, 2019, through the date of th[e D]ecision." Tr. at 28 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation

omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

Plaintiff argues the RFC does not sufficiently account for his moderate limitations in concentration, persistence, and pace. Pl.'s Mem. at 8-12. According to Plaintiff, the ALJ, having found moderate limitations in those areas at early steps as part of the psychiatric review technique ("PRT"), was obligated to include more mental limitations than he did in the RFC. See id.; Reply at 2-3. Defendant, responding, argues that substantial evidence supports the RFC finding, and it adequately incorporates the moderate limitations in concentration, persistence, and pace. Def.'s Mem. at 6-11.

Step two of the sequential evaluation process requires the ALJ to determine whether a claimant suffers from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). "This step is a 'threshold inquiry' and 'allows only claims based on the most trivial impairments to be rejected." Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1265

8

(11th Cir. 2019) (per curiam) (quoting McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986)).

"[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to maintain employment. See id. A claimant has the burden of proving that impairments are severe. See Bowen, 482 U.S. at 146 n.5 (recognizing the claimant's burden of proof at step two to show "a medically severe impairment or combination of impairments"). Further, the impairment either "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509; see also Walker v. Comm'r, Soc. Sec. Admin., 835 F. App'x 538, 542 (11th Cir. 2020) (unpublished).

A severe impairment interferes with a claimant's ability to perform "basic work activities." See Bowen, 482 U.S. at 141; Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101 (11th Cir. 2021) (citing 20 C.F.R. § 404.1520(c)). The Regulations provide six examples of "basic work activities": "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of

9

judgment; (5) Responding appropriately to supervision, co-workers, and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1522; see also Walker, 835 F. App'x at 541-52.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink, 935 F.3d at 1268); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

In Winschel, the Court of Appeals for the Eleventh Circuit found error in an ALJ's decision because the ALJ determined the claimant had "a moderate limitation in maintaining concentration, persistence, and pace" but "did not indicate that medical evidence suggested [the claimant's] ability to work was unaffected by this limitation, nor did he otherwise implicitly account for the

limitation in the hypothetical [to the VE]." 631 F.3d at 1179. According to the Eleventh Circuit, "the ALJ should have explicitly included the limitation in his hypothetical question to the [VE]." Id. Nevertheless, the Eleventh Circuit suggested that in other appropriate circumstances, an ALJ may properly find that the medical evidence of record supports only an RFC limitation of unskilled work despite moderate limitations in concentration, persistence, or pace. See id. (citations omitted) (collecting cases finding that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations").

Post-Winschel, the Eleventh Circuit (albeit in unpublished opinions) has recognized that a moderate limitation in concentration, persistence and pace can be sufficiently accounted for by posing a hypothetical to a VE that limits an individual to simple, unskilled work (or something similar) when the medical evidence demonstrates an ability to perform such work. See, e.g., Mijenes v. Comm'r of Soc. Sec., 687 F. App'x 842, 846 (11th Cir. 2017) (finding that "[b]ecause the medical evidence showed that [the claimant] could perform simple, routine tasks despite her limitations in concentration, persistence, and pace, the ALJ's limiting of [the claimant's RFC] to unskilled work sufficiently accounted for her moderate difficulties in concentration, persistence, and pace"

11

(citation omitted)); Timmons v. Comm'r of Soc. Sec., 522 F. App'x 897, 907-08 (11th Cir. 2013) (approving of a limitation to "simple, one-two step task[s with] only occasional contact with the public, coworkers, and supervisors" as accounting for moderate limitation in concentration, persistence and pace in light of opinions of two non-examining psychologists' opinions supporting the finding); Jacobs v. Comm'r of Soc. Sec., 520 F. App'x 948, 951 (11th Cir. 2013) (finding a limitation "to one to three step non-complex tasks" sufficiently accounted for moderate limitation in concentration, persistence, and pace); Washington v. Soc. Sec. Admin., Comm'r, 503 F. App'x 881, 883 (11th Cir. 2013) (finding a limitation "to performing only simple, routine repetitive tasks with up to three-step demands, and only occasional changes in the work setting, judgment, or decision making" was sufficient to account for moderate limitation in maintaining concentration, persistence, and pace); Scott v. Comm'r of Soc. Sec., 495 F. App'x 27, 29 (11th Cir. 2012) (distinguishing Winschel and finding that "the medical evidence demonstrated that [the claimant] could engage in simple, routine tasks or unskilled work despite moderate limitations in concentration, persistence, and pace"); Jarrett v. Comm'r of Soc. Sec., 422 F. App'x 869, 871 (11th Cir. 2011) (finding that the limitations of simple tasks and only being able to concentrate for brief periods of time accounted for the claimant's moderate difficulties in concentration, persistence, and pace).

12

Here, the ALJ assessed the broad areas of mental functioning set forth in the Regulations and 20 C.F.R. Part 404, Subpart P, Appendix 1, and found as to the broad area in question that Plaintiff has "up to moderate limitation" in concentrating, persisting, or maintaining pace. Tr. at 15. Later, in assessing the RFC, the ALJ determined Plaintiff's mental limitations as: "understand, remember, and carry out simple, repetitive tasks; can concentrate, attend, and persist on tasks for two hour periods and can adapt to change in the workplace; occasional interaction with coworkers and supervisors; no interaction with the general public." Tr. at 17 (emphasis omitted). The VE, in response to a hypothetical including the same limitations, testified Plaintiff would be able to perform the jobs of waxer, wall cleaner, and marker, all of which are unskilled. Tr. at 1523-24.[8] The ALJ so found at step five. Tr. at 27.

The ALJ did not commit reversible error. Plaintiff contends the mental limitations in the RFC did not sufficiently account for the moderate limitations in concentration, persistence, and pace, Pl.'s Mem. at 8-12; Reply at 2-3, but the undersigned disagrees. The ALJ limited Plaintiff to simple, repetitive tasks; occasional interaction with coworkers and supervisors; and no interaction with

---

[8]    This was the VE's testimony during the first hearing following the remand from the Appeals Council (and it was based on a follow-up to the original hypothetical that included what ultimately became Plaintiff's RFC in the written Decision). The ALJ elected not to further inquire of the VE during the supplemental hearing regarding step-five jobs. See Tr. at 61.

the general public, which produced VE testimony that Plaintiff could perform certain unskilled jobs. Tr. at 17, 1523-24. The ALJ adopted such testimony at step five. Tr. at 27. Under Winschel and its progeny, such limitations adequately accounted for the moderate limitations in concentration, persistence, and pace.[9]

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

---

[9] Plaintiff contends the other mental limitation assigned by the ALJ—persistence on tasks for two-hour periods—is not actually a limitation at all because "all jobs for unimpaired workers expect concentration for two-hour periods." Pl.'s Mem. at 9-10 (emphasis and citations omitted). In support, Plaintiff cites an unbinding, unpublished out-of-district case finding that such a limitation "is not consistent with moderate limitations in concentrating, persisting, or maintaining pace." Id. at 10 (emphasis omitted) (quoting Skibinsky v. Comm'r of Soc. Sec., No. 20-61526, 2023 WL 4349153 at *11 (S.D. Fla.) (May 8, 2023 report and recommendation), adopted, 2023 WL 4194532 (June 27, 2023 order), remanded, 2023 WL 8227918 (11th Cir. Nov. 1, 2023).

The Skibinsky report and recommendation cited by Plaintiff is not convincing on the issue. First, the Court ultimately decided the aforementioned inconsistency finding constituted harmless error because "the ALJ's alternate finding that [the claimant was] capable of performing unskilled jobs is supported by the record." 2023 WL 4349153, at *12. Second, the matter was ultimately remanded by the Eleventh Circuit, on request of the appellee, for undisclosed reasons. See 2023 WL 8227918.

The other case cited by Plaintiff on this point (see Reply at 2) addressed "the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms," which is a distinct issue. Harmon v. Comm'r of Soc. Sec., No. 3:23-cv-1054-DNF, 2024 WL 3423006, at *4 (M.D. Fla. July 15, 2024).

In any event, here, even excising entirely the two-hour persistence "limitation" assigned by the ALJ, the remaining assigned limitations sufficiently account for the moderate limitations in concentration, persistence, and pace. Plaintiff does not challenge the ALJ's factual findings supporting such limitation, except for the last paragraph of the Reply indicating there was "evidence of Plaintiff's inability to maintain attention and concentration for 2-hour segments." Reply at 3. Even taking into account the limited evidence cited, the record contains substantial evidence supporting that Plaintiff could work within the parameters of the assigned RFC.

14

**ORDERED**:

1.      The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.      The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on February 9, 2026.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record

15